1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  GLENN R. COFFMAN, SBN 305669
   glenn.coffman@salisianlee.com
3  PRISCILLA Y. CHANG, SBN 337810
   priscilla.chang@salisianlee.com
4  **SALISIAN | LEE LLP**
   550 South Hope Street, Suite 750
5  Los Angeles, California 90071-2924
   Telephone:  (213) 622-9100
6  Facsimile:   (800) 622-9145

7  MARISA D. POULOS (SBN 197904)
   marisa.poulos@balboacapital.com
8  **BALBOA CAPITAL CORPORATION**
   575 Anton Boulevard, 12th Floor
9  Costa Mesa, California 92626
   Tel: (949) 399-6303

10
   Attorneys for Plaintiff
11 AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>OLD PYLON TRUCKING, LLC, a Texas limited liability company; CANDELARIO GUZMAN MARTINEZ, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation, ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Old Pylon Trucking LLC ("Old Pylon Trucking") is, and at all times relevant to this action was, a Texas limited liability company with its principal place of business in the County of Hidalgo, State of Texas.

3. Defendant Candelario Guzman Martinez ("Martinez"), an individual, is and at all times relevant to this action was, a resident of the County of Hidalgo, State of Texas and was an officer, director, shareholder, agent and/or owner of Defendant Old Pylon Trucking.

4. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

5. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections

1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6. Pursuant to the Equipment Financing Agreement and Guaranty described herein below, defendant Old Pylon Trucking and defendant Martinez agreed that the Equipment Financing Agreement would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **25. GENERAL. . .** DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND AGREES THAT THE CALIFORNIA STATE COURTS OF ORANGE COUNTY AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS AGREEMENT OR ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

7. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

8. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

## FIRST CAUSE OF ACTION

**(Breach of Equipment Financing Agreement)**

**(Against Old Pylon Trucking)**

9. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10. In or prior to May 2022, Balboa is informed and believes that Old Pylon Trucking initiated and engaged with Rush Truck Centers of Texas, LP located at 4700 North Cage Boulevard, Pharr, TX 78677 ("Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked

COMPLAINT

with Old Pylon Trucking in the selection of the Collateral and in coordinating its delivery.

11. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions. Upon review, Old Pylon Trucking concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from the Defendants to finance the Collateral being supplied by the Equipment Vendor.

12. On or about May 27, 2022, Balboa executed and delivered to Old Pylon Trucking a certain written Equipment Financing Agreement No. 405785-000 (the "EFA"), under the terms of which Balboa loaned to Old Pylon Trucking the principal sum of one hundred ninety-one thousand seven hundred sixty-four dollars and eighty-one cents ($191,764.81) in order to finance the Collateral for its business. The EFA required Old Pylon Trucking to make fifty-seven (57) monthly payments of $3,983.41, payable on the 29th day of each month beginning July 29, 2022. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

13. The last payment received by Balboa was credited toward the monthly payment due for July 29, 2023. Therefore, on or about August 29, 2023, Old Pylon Trucking breached the EFA by failing to make the monthly payment due on that date. Defendant Old Pylon Trucking's failure to make timely payments is a default under the terms of the EFA.

14. In accordance with the EFA, and as a proximate result of Old Pylon Trucking's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. In addition, pursuant to the EFA, Balboa is entitled to recover all accelerated payments due under the

EFA. Therefore, there became due the sum of $183,236.86. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Old Pylon Trucking.

15. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Old Pylon Trucking.

16. As a proximate result of Old Pylon Trucking's breach of the EFA, Balboa has been damaged in the total sum of $183,236.86, plus prejudgment interest from August 29, 2023, until the entry of judgment herein.

17. Further, under the terms of the EFA, Old Pylon Trucking promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Old Pylon Trucking.

18. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION
### (Breach of Guaranty)
### (Against Martinez)

19. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

20. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with Old Pylon Trucking, Martinez guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal

Guaranty signed by Martinez (the "Martinez Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

21. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Martinez Guaranty, except as excused or prevented by the conduct of Martinez.

22. Following a default of Old Pylon Trucking under the terms of the EFA, Balboa demanded Martinez make the payments required under the EFA. Martinez failed to meet the guaranty obligations and make the payments required under the EFA.

23. Pursuant to the terms of the Guaranty, the sum of $183,236.86, plus prejudgment interest from August 29, 2023, is due and payable to Balboa from Martinez. This Complaint, in addition to previous demands, shall constitute further demand upon Martinez to pay the entire indebtedness due and owing from Old Pylon Trucking to Balboa under the terms of the EFA.

24. Under the terms of the Martinez Guaranty, Martinez promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Martinez.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1. The principal sum $183,236.86;
2. Prejudgment interest from August 29, 2023 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

DATED: December 14, 2023				SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Glenn Coffman
Priscilla Chang

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION