UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AMERIS BANK dba Balboa Capital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OLD PYLON TRUCKING, LLC and CANDELARIO GUZMAN MARTINEZ,<br><br>Defendants. | Case No.: SACV 23-02368-CJC (KESx)<br><br>**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT [Dkt. 18]** |

I.  INTRODUCTION

In this case, Plaintiff Ameris Bank, doing business as Balboa Capital Corporation ("Balboa"), alleges that Defendant Old Pylon Trucking, LLC ("Old Pylon") breached an equipment financing agreement and Defendant Candelario Guzman Martinez breached his obligations as guarantor under the agreement. (Dkt. 1 [Complaint, hereinafter "Compl."].) Defendants failed to appear, and the Clerk entered default against them.

(Dkt. 14.) The Court previously denied without prejudice Balboa's motion for default judgment, explaining that Balboa had not adequately established the Court's subject matter jurisdiction over the action. (Dkt. 17.) Now before the Court is Balboa's second motion for default judgment. (Dkt. 18 ["Mot."].) For the following reasons, Balboa's motion is **GRANTED**.[1]

## II.   BACKGROUND

In a May 2022 contract titled Equipment Financing Agreement No. 405785-000 (the "EFA"), Balboa agreed to loan Old Pylon $191,764.81 and Old Pylon agreed to make 3 monthly payments of $0 and 57 monthly payments of $3,983.41 on the 29th day of each month beginning June 29, 2022[2], for a total repayment amount of $227,054.37. (Compl. ¶ 12; Dkt. 1-1, Ex. A [EFA].) Under the EFA, Old Pylon's failure to make any payment within three business days of the due date constitutes an "event of default." (EFA ¶ 16.) In an event of default, Balboa has the right to "sue for and recover from [Old Pylon] the sum of: (1) all unpaid Monthly Payments and other payments, including late charges and interest, due under this Agreement then accrued, all accelerated future payments due through the last day of the term of this Agreement," (2) attorney fees and costs, and (3) "any and all other damages proximately caused by [Old Pylon's] default," among other amounts. (*Id.* ¶ 17.) In a Personal Guaranty, Martinez guaranteed "the prompt payment and performance of any and all obligations of [Old Pylon] under the EFA," and that "this is a guaranty of payment and not of collection, and that [Balboa] can proceed directly against [him] without first proceeding against [Old Pylon] or against the Equipment covered by the EFA." (Dkt. 1-1, Ex. B.)

---

[1] Having read and considered Balboa's papers and evidence, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 6, 2024, at 1:30 p.m. is hereby vacated and off calendar.

[2] The Complaint states that the first payment was due on July 29, 2022, but the EFA shows a first payment date of June 29, 2022. (*Compare* Compl. ¶ 12 *with* EFA at 2.)

Old Pylon made 14 monthly payments as agreed, but failed to make payments beginning August 29, 2023, leaving 46 payments remaining. (Compl. ¶ 13; *see* Dkt. 18-1 [Declaration of Don Ngo, hereinafter "Ngo Decl."], Ex. C.) Balboa filed this case for breach of the EFA and Guaranty. (*See* Compl. ¶¶ 9–24.) It seeks the 46 monthly payments still owed, for a total of $183,236.86. (Ngo Decl. ¶¶ 6–7.) On this amount, Balboa also seeks interest from August 29, 2023, until the entry of judgment. (Compl. ¶ 16; Ngo Decl. ¶ 7; Dkt. 18-2 [Declaration of Jared T. Densen, hereinafter "Denson Decl."] ¶ 5.) Balboa also seeks $603 in costs related to filing this case and serving Defendants. (Denson Decl. ¶ 7.) Finally, Balboa seeks $7,264.73 in attorney fees and costs. (*Id.*; *see* Compl. ¶ 17.) The total amount Balboa seeks is $203,754.99. (Dkt. 18-3 [Proposed Judgment].)

### III. LEGAL STANDARD & ANALYSIS

In determining whether granting default judgment is appropriate, the Court examines (1) its jurisdiction, (2) whether Balboa has met the procedural requirements for default judgment, (3) the merits of Balboa's motion for default judgment, and (4) whether it is appropriate to grant the particular relief Balboa seeks.

#### A. Jurisdiction and Service of Process

Before entering default judgment, a court must first determine whether it has jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff "is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange."

(Compl. ¶ 1.) Old Pylon is a Texas limited liability company. (*Id.* ¶ 2.) Its only member is Martinez, who is a Texas resident. (*Id.* ¶ 3; Densen Decl. ¶ 4 ["Based upon my research, and according to the Texas Secretary of State website, Old Pylon has, and at all relevant times had, one Member, Martinez."]; *id.* Ex. F [Old Pylon's Certificate of Formation].) Since "a person's residence is prima facie evidence of domicile and citizenship," *Lee v. BMW of N. Am., LLC*, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019), Balboa has made a sufficient showing that there is complete diversity. The amount in controversy also exceeds $75,000. (*See* Compl. at 5.)

Courts must also determine whether there was sufficient service of process on the parties against whom default judgment is requested. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Here, Defendants were adequately served under Federal Rule of Civil Procedure 4. (*See* Dkts. 11–12; Mot. at 2.)

### B. Procedural Requirements for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) and Central District of California Local Rule 55-1 require that applications for default judgment set forth the following information: "(1) when and against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented; (4) that the [Servicemembers Civil Relief Act] does not apply; and (5) that notice of the application has been served on the defaulting party, if required." *Philip Morris USA Mc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Balboa satisfied those requirements: (1) the clerk entered default against Defendants on March 6, 2024, (Dkt. 14); (2) default was entered as to the Complaint; (3) Defendants are not infants or incompetent persons, (Densen Decl. ¶ 4); and (4) the

Servicemembers Civil Relief Act does not apply, (*id*.). The fifth requirement, notice of the motion, is not required because Defendants failed to appear. Fed. R. Civ. P. 55(b)(2). Nevertheless, Balboa gave Defendants notice of the motion via U.S. Mail. (Dkt. 18-4 [Proof of Service].)

### C. Merits of the Motion for Default Judgment

After entry of default, a court may grant a default judgment on the merits of the case. Fed. R. Civ. P. 55(a)–(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising their discretion, courts consider the following factors from *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. at 1471–72. Because default has been entered in this case, the Court accepts as true all of "the factual allegations of the complaint, except those relating to the amount of damages." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The *Eitel* factors weigh in favor of entering default judgment.

#### 1. Possibility of Prejudice to Balboa

The first *Eitel* factor requires the Court to consider the harm to Balboa if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.

Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor weighs in Balboa's favor because without a default judgment, it would lack any other recourse for recovery against Defendants since they failed to appear or to defend this suit. *See Seiko Epson Corp. v. Prinko Image Co. (USA)*, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiffs without recourse.").

### 2. & 3.   The Merits of the Claim and the Sufficiency of the Complaint

Even when default is entered, courts must still determine whether the facts alleged give rise a cognizable cause of action because "claims [that] are legally insufficient . . . are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The second and third *Eitel* factors, taken together, "require that a plaintiff state a claim on which [the plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Balboa alleges Old Pylon breached the EFA and Martinez breached the Guaranty. (Compl. ¶¶ 9–24.) Under California law, the elements required to prove breach of contract are (1) existence of a contract, (2) the plaintiff's performance of its contractual obligations, (3) the defendant's breach of the contract, and (4) resulting damages proximately caused by the defendant's breach. *See Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014); *see also* Cal. Civ. Code §§ 1620, 3300. These elements are met. First, taking Balboa's allegations as true and reviewing the evidence attached to the Complaint and motion, there were valid contracts between Balboa and Defendants. (*See* Compl.; Dkt. 1-1, Exs. A–B.) Balboa loaned Old Pylon $191,764.81 in exchange for a repayment amount of $227,054.37, and Martinez agreed to guarantee Old Pylon's obligations. (*See* Compl. ¶ 12; Dkt. 1-1, Exs. A–B.) Second, Balboa provided Old

Pylon the loan money and performed its contractual obligations that were not excused or prevented by Old Pylon's failure to perform. (Compl. ¶ 15.) Third, Old Pylon failed to make payments beginning with the payment due August 29, 2023, and Martinez also failed to pay. (*Id.* ¶¶ 13–16.) Fourth, Balboa was damaged. (*Id.* ¶ 16.)

### 4. The Sum of Money at Stake

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of Defendant[s'] conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "However, when 'the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate'" even for significant sums. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014). Here, Balboa seeks $203,754.99. (Dkt. 18-3.) This amount, though not insignificant, arises directly from the contracts at issue and is tailored to Defendants' specific misconduct. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (affirming default judgment award of nearly $1.5 million when district court found that "[NewGen] only seeks contractual damages directly proportional to [Safe Cig]'s breach of the contracts" and thus "the amount of money at stake does not bar an entry of default judgment") (alterations in original). Since the relevant agreements clearly define the remedy for breach, this factor weighs in favor of entering default judgment.

### 5. & 6.  The Possibility of a Dispute Concerning Material Facts and Whether the Default was Due to Excusable Neglect

The fifth and sixth *Eitel* factors require the Court to determine whether it is likely that there would be a dispute as to material facts and whether Defendants' failure to litigate is due to excusable neglect.  When a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is low.  *See Landstar Ranger, Inc. v. Parth Entm't, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).  There is also no indication that Defendants' default was due to excusable neglect because they failed to appear altogether despite being served with the Complaint.  *See Adobe Sys. Inc. v. Kern*, 2009 WL 5218005, at *6 (N.D. Cal. Nov. 24, 2009) ("Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect.").  Given that Balboa's factual allegations are taken as true, that Balboa has attached to the Complaint its agreements with Defendants, and that Defendants have failed to oppose Balboa's motion or appear in any way, the Court is not aware of any factual disputes that would preclude the entry of default judgment.  Both of these *Eitel* factors weigh in favor of granting default judgment.

### 7. The Public Policy Favoring Decisions on the Merits

Because public policy favors resolution of cases on the merits, this factor always weighs against granting a motion for default judgment.  "The mere enactment of Rule 55(b), however, indicates that 'this preference, standing alone, is not dispositive.'" *Prinko Image Co.*, 2018 WL 6264988, at *3 (quoting *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177).  Indeed, Defendants' choice not to defend themselves renders a decision on the merits "impractical, if not impossible." *PepsiCo Inc.*, 238 F. Supp. 2d at 1177.  "Thus, 'the preference to decide cases on the merits does not preclude a court from granting default judgment.'" *Id.*

The *Eitel* factors therefore favor granting Balboa default judgment against Defendants.

### D. Relief Sought

Once a court concludes that default judgment is appropriate, it must determine what relief is warranted. A plaintiff carries the burden of proving its requests for relief. *See Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). An award of contract damages is meant to compensate the aggrieved party "for the loss of his 'expectational interest'—the benefit of his bargain which full performance would have brought." *Runyan v. Pac. Air Indus., Inc.*, 2 Cal. 3d 304, 316 n.15 (1970). "The goal is to put the plaintiff in as good a position as he or she would have occupied if the defendant had not breached the contract." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004) (internal quotation marks omitted).

Balboa requests relief no greater than what will put it in the position in which it would have been had Defendants performed according to the terms of their agreements. It seeks the remaining monthly payments owed, which amount to $183,236.86. (Ngo Decl. ¶ 7.) It also seeks attorney fees and costs, as the EFA contemplates. (Densen Decl. ¶ 7.) Balboa calculates its attorney fees using the schedule in Local Rule 55-3—$5,600 plus 2% of the proposed judgment amount over $100,000, or $1,664.73—which totals $7,264.73. (*Id.*) It also seeks $603 in costs associated with filing this case and serving Defendants, which costs are reasonable and supported. (*Id.*; Ex. E.) And it seeks prejudgment interest at the statutory rate of 10% per annum on the principal amount owed from the date of breach. Through today's date, April 16, 2024, a total of

$11,596.20 in prejudgment interest has accrued ($50.20/day x 231 days).  (*See* Densen Decl. ¶ 5.)  Balboa's requested relief, totaling $202,700.79, is justified and reasonable.

## IV.   CONCLUSION

For the foregoing reasons, Balboa's motion for default judgment is **GRANTED**. The Court will enter judgment against Defendants and in favor of Balboa.

DATED:   April 16, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE